UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                Case No. 3:18-mj-765

vs.

THOMAS MEAD,                         Magistrate Judge Michael J. Newman

    Defendant.

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO REFER DEFENDANT FOR AN EVALUATION TO DETERMINE HIS MENTAL COMPETENCY TO STAND TRIAL; (2) REFERING DEFENDANT TO DR. MASSIMO DEMARCHIS, PSY.D. FOR SUCH EVALUATION; (3) DIRECTING DEFENSE COUNSEL TO MAKE ARRANGEMENTS WITH DR. DEMARCHIS FOR THE COMPENTENCY EVALUATION; AND (4) DIRECTING THAT PAYMENT FOR SUCH EVALUATION BE MADE BY THE DEPARTMENT OF JUSTICE.**

---

This criminal case came before the Court for a detention hearing on December 4, 2018. Defendant, through counsel, has since moved for a competency evaluation to determine his competency to stand trial. Notably, Defendant does not, at this time, assert an insanity defense, although counsel reserves the right to raise such a defense in the future.[1] Based upon representations of Defendant's attorney, the Court finds reasonable cause to believe that Defendant may suffer from a mental disease or defect that renders him mentally incompetent to presently stand trial. Accordingly, the Court **GRANTS** Defendant's oral motion and **ORDERS**, pursuant to 18 U.S.C. §§ 4241(b), 4247(b) and (c), that Defendant be

---

[1] Defendant's counsel has not filed the notice of such intention with the Clerk as required by Fed. R. Crim. P. 12.2(a) and the Government has not moved for a psychiatric or psychological examination of Defendant under 18 U.S.C. § 4242. Therefore, the Court does not, at this time, order an examination under 18 U.S.C. § 4242. To the extent Defendant's attorney may seek approval for obtaining services of an expert regarding an insanity defense, no such application under the Criminal Justice Act, 18 U.S.C. § 3006A(e), has been made at this time and, thus, the Court makes no finding in that regard.

evaluated by Dr. Massimo DeMarchis, Psy.D. Such evaluation shall be paid for by the Department of Justice.

The Court will contact Dr. DeMarchis and request that he contact defense counsel. Thereafter, the Court **ORDERS** that defense counsel make arrangements directly with Dr. DeMarchis for the evaluation and assist in assuring Defendant's cooperation with the examination. The Clerk shall promptly transmit to Dr. DeMarchis all bond reports, if any, and a complete copy of the pleadings in this case not filed under seal. Defense counsel may provide further materials to Dr. DeMarchis for his review, and copies of any such materials shall be provided to the government. Dr. DeMarchis's report of the examination shall promptly be submitted by him to the Court.

Insofar as Defendant's speedy trial rights may be implicated, and to the extent the speedy trial date is not tolled pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), after considering the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the ends of justice are served by continuing proceedings in this case so that Defendant can be evaluated, and that such continuance outweighs the best interests of the public and Defendant in a speedy trial. Failure to continue proceedings pending evaluation of Defendant would result in a miscarriage of justice by requiring counsel for Defendant to prepare a defense without assurance that Defendant is mentally competent. Thus, any applicable speedy trial calculation is **TOLLED** pending a final determination of Defendant's competency to stand trial.

**IT IS SO ORDERED.**

Date: 12/7/2018

s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge